**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA  92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
[additional attorneys on signature page]

***Attorneys for Plaintiff and the Proposed Class***

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary Tedesco, on behalf of herself, all others similarly situated, and the general public, | Case No.: **'20 CV 1928 TWR JLB** |
| | <u>CLASS ACTION</u> |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Grand Brands, Inc., a Delaware corporation, dba True Citrus or True Lemon, | |
| Defendant. | |

## **Table of Contents**

I.   Introduction ........................................................................................ - 2 -

II.  Jurisdiction and Venue ..................................................................... - 4 -

III.  The Parties ......................................................................................... - 5 -

IV.  Nature of the Action ......................................................................... - 5 -

V.  Factual Allegations ............................................................................ - 7 -

  a.  Defendant Fails to Disclose that Its Products Are Artificially Flavored. ....... - 7 -

VI.  Delayed Discovery ............................................................................ - 16 -

VII.  Class Action Allegations .................................................................. - 17 -

VIII. Causes of Action ............................................................................... - 19 -

IX.  Prayer for Relief ............................................................................... - 30 -

X.  Jury Demand...................................................................................... - 30 -

CLASS ACTION COMPLAINT

Plaintiff Mary Tedesco ("Plaintiff" or "Ms. Tedesco"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby brings this action against Defendant Grand Brands, Inc. dba True Citrus or True Lemon ("Defendant"), and upon information and belief and investigation of counsel, alleges as follows:

## I.   INTRODUCTION

1.     Defendant Grand Brands, Inc. manufactures, advertises, distributes, and sells a variety of drink-mix packets used by consumers to flavor water (the "Products," listed below).

2.     Defendant advertises, markets, distributes, and sells these products, including True Lemon Original Lemonade drink mix ("Original Lemonade"), True Lemon Raspberry Lemonade drink mix ("Raspberry Lemonade"), True Lemon Strawberry Lemonade drink mix ("Strawberry Lemonade") and True Lime Black Cherry drink mix ("Black Cherry") (collectively, the "Products).

3.     Defendant labels, advertises, and markets the Products as containing only "simple and clean" ingredients and "natural flavors," positioning the Products in the marketplace as naturally fruit-flavored drink mixes that consumers perceive as being more natural and healthier than other similar drink mixes.

4.     Defendant intentionally labels the Products to create this false perception.

5.     Defendant prominently places on both the front and back Product labels the claims that the Products are "NATURALLY FLAVORED," "Made from Real Lemons" or "Real Limes," with "No Artificial Sweeteners," and describes the Product ingredients as "Crystallized lemon."

6.     Each of the Products contains a synthetic flavoring chemical called "dl-malic acid."

7.     Dl-malic acid is a synthetic chemical manufactured from petroleum.

- 2 -

8. Defendant adds dl-malic acid to each of its Products to create and reinforce the tart and fruity flavors that consumers associate with the fruit listed and depicted on the Products' labels.

9. The dl-malic acid that Defendant adds to the Products is an artificial flavor that must be disclosed on both the front and back Product labels under California and federal law.

10. By failing to disclose that the Products contain artificial flavoring, Defendant misbrands its Products in violation of California and federal law.

11. In addition, because there are both natural and artificial types of malic acid, Defendant is required under law to identify the type of malic it includes in the Products.

12. Defendant fails to do so.

13. Pursuant to state and federal labeling laws, Defendant is required to identify dl-malic acid in the Product ingredient list as "dl-malic acid" and may not simply use the generic name.

14. Even if reasonable consumers were to investigate the Defendant's claims on the Products' front labels by scrutinizing the ingredient statements on the back, consumers would still be unable to verify whether the Products contained artificial flavoring

15. Defendant misleadingly labels the Products with depictions of real fruit and claims that they are "naturally flavored" and "made from" real fruit.

16. Defendant further misleadingly describes the Product ingredients in the ingredient list as including "Crystallized Lemon" or "Crystallized Lime."

17. The Products do not contain any "Crystallized Lemon" or "Crystallized Lime." The Products consist of, for example, manufactured citric acid and synthetic dl-malic acid with sugar and minor amounts of lemon oil and lemon juice for additional flavoring.

18.   Ms. Tedesco and those similarly situated ("Class Members) purchased the Products in reliance on the representations Defendant made through its marketing and labeling.

19.   Had they known the truth of Defendant's misrepresentations, Ms. Tedesco and the Class Members would not have purchased the Product or would have paid less than they did.

20.   Ms. Tedesco and the Class Members paid a premium for the Products compared to similar products that did not purport to be "naturally flavored."  Given that they paid a premium for the Products based on Defendant's misrepresentations and omissions, Ms. Tedesco and the Class Members suffered an injury in the amount of the premium paid.  Accordingly, Ms. Tedesco brings this action on behalf of herself and those similarly situated.

## II. <u>JURISDICTION AND VENUE</u>

21.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because: Defendant is a citizen of a different state than Ms. Tedesco, the proposed Classes consist of more than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interests and costs.  None of the exceptions under CAFA apply to this action.

22.   This Court has supplemental jurisdiction over the violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*; False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; and claims for intentional misrepresentation, negligent misrepresentation, fraud by omission, and breaches of warranties pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claims).

23.   This Court has both general and specific personal jurisdiction over Defendant because Defendant has affirmatively established and maintained sufficient

contacts with the State of California and conducts significant business in California and otherwise intentionally avails itself to the markets in California, including the distribution, sale and marketing of its Products in this District and in California. This Court has specific personal jurisdiction arising from Defendant's decision to sell the Products in California.

24.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducts significant business in this District, engages in substantial transactions in this District, and because many of the transactions and material acts complained of herein occurred in this District, including, specifically, the transactions between Plaintiff and Defendant, and many of the transactions between Defendant and members of the putative Class, as defined here.

### III.   THE PARTIES

25.   Plaintiff Mary Tedesco, an individual, is a citizen and resident of San Diego, California. Plaintiff purchased the Products in San Diego, California for personal and household consumption.

26.   Defendant Grand Brands, Inc., doing business as "True Lemon" and "True Citrus", is a Delaware corporation that advertises, markets, and sells the Products identified herein in California and throughout the United States.

27.   Defendant maintains its principal place of business at 11501 Pocomoke Court, Suite D, Baltimore, Maryland.

### IV.   NATURE OF THE ACTION

28.   This is a nationwide consumer class action, with a California sub-class, for violations of state consumer protection laws. This action seeks to remedy Defendant's deceptive business practices and restore to consumers money that was fraudulently obtained from them.

29.   Defendant manufactures, advertises, markets, distributes, and sells a variety of drink mixes used to flavor water, both online and at retail locations throughout the United States. Retail outlets include convenience stores and major

1    grocery chains such as Wal-Mart, Kroger, Target, Vons, Ralphs, and more.

2         30.   Defendant advertises, markets, and sells the Products with label and

3    advertising claims that the Products are "naturally flavored" and "made from real

4    lemons" or "real limes" with "no artificial sweeteners," when in fact all the Products

5    contain artificial flavoring.

6         31.   Defendant's packaging, labeling, and advertising scheme is intended to

7    and does give reasonable consumers the impression they are buying a premium, "all

8    natural" product with natural flavoring ingredients instead of an artificially flavored

9    product.

10        32.   The Products are labeled as if they are flavored only with natural

11   ingredients, when in fact they all contain undisclosed artificial flavors in violation of

12   state and federal law.

13        33.   The Products' packaging, labeling and advertising is false and

14   misleading, and the Products themselves are misbranded and unlawful to sell under

15   state and federal law.

16        34.   Plaintiff, who was deceived by Defendant's unlawful conduct and

17   purchased the Products at retail stores in California, brings this action on behalf of

18   herself, a nationwide class, and a California subclass, to remedy Defendant's

19   unlawful and unfair acts.

20        35.   On behalf of the putative Class and subclass, as defined herein, Plaintiff

21   seeks an order compelling Defendant to, *inter alia*, (1) cease packaging, distributing,

22   and advertising and selling the Products in violation of the U.S. FDA regulations and

23   state consumer protection laws; (2) re-label or recall all existing deceptively packages

24   Products; (3) conduct a corrective advertising campaign to inform consumers about

25   the deceptive advertising; (4) award Plaintiff and members of the Class restitution,

26   actual damages, and punitive damages; and (5) pay all costs of suit, expenses,

27   interest, and attorneys' fees.

28

CLASS ACTION COMPLAINT

# V. <u>FACTUAL ALLEGATIONS</u>

**a. Defendant Fails to Disclose that Its Products Are Artificially Flavored.**

36.   The Products are artificially-flavored powdered drink mixes that are labeled and advertised as if they were exclusively naturally flavored.

37.   Defendant's labeling and advertising scheme is deliberately intended to give consumers the false impression that the Products are flavored only with natural flavors and contain no artificial flavorings.

38.   The "TRUE lemon" Original Lemonade Product's front label, for example, falsely describes the Product as a "NATURALLY FLAVORED DRINK MIX with Other Natural Flavors."

39.   True and correct copies of the Original Lemonade Product's front and back labels are shown below:



CLASS ACTION COMPLAINT

1

2    40.   Like the front label, the back of the Original Lemonade Product label

3   states that the Product has "Natural flavors & no colors from artificial sources" with

4   "No artificial sweeteners."  The label also claims that the Product is made from

5   "clean, simple ingredients."

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT

41.   The Product label fails to inform consumers that the Product contains dl-malic acid, an artificial flavor. Nowhere on any panel of the Original Lemonade Product packaging does it state that the Product contains artificial flavoring.

42.   The ingredient statement on Defendant's Original Lemonade states: "CRYSTALLIZED LEMON (CITRIC ACID, MALIC ACID, LEMON OIL, LEMON JUICE), CANE SUGAR, NATURAL FLAVOR, STEVIA LEAF EXTRACT, BETA-CAROTENE (FOR COLOR).".

43.   Below is a true and correct copy of the ingredient statement on the Product located at the bottom of the side label of the Original Lemonade Product:



44.   The ingredient identified on the Original Lemonade Product label as "malic acid" is an artificial flavor.

45.   The Original Lemonade Product label omits the disclosure, required under federal and state law, that the Product is artificially flavored.

46.   Defendant's Original Lemonade Product is misbranded and unlawful to sell in the United States.

47.   Defendant's Raspberry Lemonade Product and all other flavor Products include the same "Natural Flavors", "Naturally Flavored", and "clean, simple ingredients" claims.

48.   All of the Products contain dl-malic acid, an artificial flavor.

- 9 -

CLASS ACTION COMPLAINT

49.   The dl-malic acid that Defendant adds to this Product is an artificial flavoring agent and functions as an artificial flavor in the Product.

50.   Nowhere on the Product labels does Defendant disclose that the Products contain artificial flavoring.

51.   All of the Product labels omit this legally required disclosure and all are therefore misbranded under federal and state law.

52.   Like both the Original Lemonade Product and the Raspberry Lemonade Product, the True Lime Black Cherry Product contains the same "Natural Flavors" and "Naturally Flavored" claims.

53.   The Black Cherry Product's front label also identifies the Product as having only "Natural Flavors" and as a "NATURALLY FLAVORED DRINK MIX with Other Natural Flavors" and "No artificial sweeteners."  Similar to the other Product flavors, the back of the Black Cherry Product label states that the Product contains only "Natural Flavors."

54.   Like the other Products the Black Cherry Product contains the artificial flavoring ingredient dl-malic acid.

55.   Nowhere on the Black Cherry Product label does it state that the Product contains artificial flavoring.

56.   The ingredient identified on the Black Cherry Product's label as "malic acid" is an artificial flavor.

57.   The malic acid that Defendant adds to this Product is an artificial flavoring agent and functions as an artificial flavor in the Product.

58.   Defendant does not disclose that the Black Cherry Product contains an artificial flavor. The Black Cherry Product label omits the legally-required "artificially flavored" disclosure.

59.   Like the "original lemonade" Product, the raspberry lemonade and the black cherry limeade Products, the Strawberry Product label includes the same "Natural Flavors" and "Naturally Flavored" claims.

60.   The Strawberry Product's front label also identifies it as containing "Natural Flavors" and as a "NATURALLY FLAVORED DRINK MIX with Other Natural Flavors."

61.   Like the front of the label, the back of the Strawberry Product label states that the Product has "Natural flavors & no colors from artificial sources."  The Strawberry Product's label prominently advertises that it is "Naturally Flavored," but as discussed above, the Strawberry Product contains the artificial flavoring ingredient dl-malic acid.

62.   Unlike the other Products, however the ingredient statement list of the Strawberry Product does not disclose that the Product contains malic acid, on either the front or back label or as legally-required in the ingredient statement.

63.   Because Defendant does not disclose that the Strawberry Product includes artificial flavoring, and because this Product's ingredient disclosure does not include one of the Product's ingredients, this Product's label violates federal and state law and deceives consumers.

64.   All the Products described above contain artificial dl-malic acid, an artificial flavoring agent.

65.   None of the Products discloses on either the front or back-label that the Product contains artificial flavoring.

66.   Defendant failed to include the legally-required "Artificially flavored" or "Artificial flavor" disclosure on all of the Products' labels.

67.   The Products therefore violate federal and state law in multiple respects.

68.   First, because each Product contains added flavoring ingredients that simulate and reinforce the characterizing flavor, each Product's front label is required by both federal and state law to disclose that fact.  *See, e.g.,* California Health & Safety Code § 109875 *et seq.* (Sherman Law), incorporating 21 C.F.R. § 101.22.1

---

¹ California's Sherman Food, Drug and Cosmetic Act, California Health & Safety Code §§ 109875 *et seq.*, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. An act or omission that would

69. Second, those Products that disclose "malic acid" in the ingredient lists violate federal and state law because the Products misleadingly identify the added dl-malic acid only as generic "malic acid" instead of using the specific, non-generic name of the ingredient. *See* 21 C.F.R. § 101.4(b)(1).

70. Further, the Strawberry Mix fails to even identify malic acid as an ingredient even though it contains dl-malic acid. *See* 21 C.F.R. § 101.4(a)(1).

71. Defendant labels the Products as if they are made with only natural flavors even though the Products all contain dl-malic acid.

72. Analytical testing of the Original Lemonade Product on January 29, 2020 and the Strawberry Lemonade, Black Cherry, and the Raspberry Lemonade Products on February 28, 2020, confirmed that Defendant adds the artificial flavoring dl-malic acid to each of the Products.

73. Dl-malic acid confers a "tart, fruity" flavor to food products.[2]

74. Although the malic acid Defendant used in the Products to simulate the characterizing fruit flavors is dl-malic acid – the artificial petrochemical – Defendant pretends otherwise, conflating the natural and artificial flavoring and deceiving consumers.

75. Because the Products contain an artificial flavor, both federal and state law require the Products' front and back labels to inform consumers that the Product contains artificial flavoring.  *See*, 21 C.F.R. § 101.22(c).

76. Because the Products contain an artificial flavor, both federal and state law also require Defendant to declare this in the Products' ingredient statements.  *See* 21 C.F.R. § 101.22.

77. Under federal and state law, when "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary

---

violate an FDCA regulation necessarily violates California's Sherman Law (Health & Safety Code, § 110100). Other states' statutory and common law function similarly or in some cases identically.

[2] *See, e.g., Malic Acid*, THE CHEMICAL COMPANY, https://thechemco.com/chemical/malic-acid/ (last visited September 28, 2020).

recognizable flavor(s) by word, vignette, e.g., depiction of a fruit, or other means . . . such flavor shall be considered the characterizing flavor." *See* 21 C.F.R. § 101.22(i).

78.   When an artificial flavor "simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor  . . . [and] shall be accompanied by the word(s) 'artificial' or 'artificially flavored.'" *See, e.g.,* 21 C.F.R. § 101.22(i)(2) (emphasis added).

79.   "Lemon" is a primary recognizable flavor identified on the Original Lemonade Product's and the Raspberry Lemonade and Strawberry Lemonade Products' front and back labels.  Lemon, raspberry, and strawberry are characterizing flavors for these Products under state and federal regulations.

80.   "Lime" is a primary recognizable flavor identified on the Black Cherry Product's front and back labels.  Lime and black cherry are characterizing flavors for this Product under state and federal regulations.

81.   If any characterizing flavor of a Product is not created exclusively by the identified ingredient, the Products' front labels must state that the Products are flavored with either, or both of, natural or artificial flavorings.

82.   If any artificial flavor is present in the product which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored".  *See*, e.g., California's Sherman Law, incorporating 21 C.F.R. § 101.22(i)(3), (4).

83.   The synthetic dl-malic acid in the Products simulates, resembles, and reinforces the characterizing fruit flavors for each of the Products.

84.   Defendant was therefore required to place prominently on each Product's front label a notice sufficient to allow reasonable consumers to understand that the Product contained artificial flavoring.

85.   Defendant failed to do so, deceiving consumers and violating federal and state law.

CLASS ACTION COMPLAINT

1
2
86.   Defendant intended that Plaintiff and the proposed Class rely on those omissions and affirmative misrepresentations.

3
4
87.   Accordingly, Plaintiff and the Class were unaware that the Products contained artificial flavors when they purchased them.

5
6
7
88.   When purchasing the Products, Plaintiff and Class Members were seeking products of particular qualities that were flavored only with natural ingredients as described on the labels and which did not contain artificial flavoring

8
9
10
11
12
89.   Plaintiff is not alone in these purchasing preferences.  As reported in Forbes Magazine, 88% of consumers polled indicated they would pay more for food perceived as natural or healthy.  "All demographics [of consumers] from Generation Z to Baby Boomers – say they would pay more" for such products, specifically including foods with no artificial flavors."[3]

13
14
15
90.   Defendant's labeling and advertising reflect these consumer preferences – not by making the Products solely with natural ingredients, but instead by concealing the fact that the Products are artificially flavored.

16
17
91.   Federal and state law require Defendant to include sufficient notice on the Products' labels to alert consumers that the Product is artificially flavored.

18
19
20
21
92.   Under California's Health & Safety Code, for example, "[a]ny food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact."  Cal. Health & Safety Code § 110740; *see also* 21 C.F.R. § 101.22.

22
23
93.   Defendant failed to do so.  Accordingly, Defendant's Products are misbranded and illegal to distribute or sell in the U.S. and in any state in the U.S.

24
25
94.   Defendant's conduct violated California's consumer protection statutes, including the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et

26
27
28

---

[3] Nancy Gagliardi, *Consumers Want Healthy Foods – And Will Pay More For Them*, Forbes, https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#37ec75ca75c5 (last visited September 28, 2020)

CLASS ACTION COMPLAINT

seq.; the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq.; and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17500, et seq.

95.   Defendant was aware that consumers, like Plaintiff and the Class, prefer natural products to those that are artificially flavored.

96.   Defendant intended for Plaintiff and the Class to be deceived, and Plaintiff and the Class actually were deceived by the unlawful labeling.

97.   Defendant deceived Plaintiff and the Class into purchasing the Products by unlawfully concealing that they are artificially flavored.

98.   Plaintiff and the Class lost money as a result of Defendant's conduct because they would not have purchased the Product or would not have paid as much as they did in the absence of Defendant's misrepresentations and omissions.

99.   Plaintiff Tedesco purchased each of the Products approximately once every two to three weeks since October of 2019 from a Wal-Mart Supercenter located in San Diego County, California.

100. Plaintiff was deceived by, and justifiably relied upon, the Products' deceptive labeling.  Plaintiff, like any reasonable consumer, believed consistent with U.S. federal and state law that if a drink mix label does not include a statement that it is artificially flavored then that beverage does not contain artificial flavoring ingredients.

101. Plaintiff justifiably relied on Defendant's omission from the Product label disclosing the legally required disclosure of artificial flavoring.

102. Plaintiff, as a reasonable consumer, is not required to subject consumer food products to laboratory analysis, to scrutinize the labels on the back of products to discover that a front label is false and misleading, or to search the labels for information that federal regulations require be displayed prominently on the front – and, in fact, under state law is entitled to rely on statements that Defendant deliberately places on the Products' labeling.

103. Defendant, but not Plaintiff, knew or should have known that the

CLASS ACTION COMPLAINT

Products' labeling was in violation of federal regulations and state law.

104. Because Plaintiff reasonably assumed the Products were free of artificial flavoring based on the Products' labels when they were not, Plaintiff did not receive the benefit of her purchases.  Instead of receiving the benefit of a product free of artificial flavoring, Plaintiff received a Product that was unlawfully labeled to deceive consumers into believing that it was naturally flavored and contained no artificial flavoring, in violation of federal and state labeling regulations.

105. Plaintiff and the Class members would not have purchased the Products in the absence of Defendant's misrepresentations and omissions or would only have been willing to pay less for the Products than they did.

106. The Products were worth less than what Plaintiff and Class members paid, and they would not have paid as much as they did for the Products absent Defendant's false and misleading statements and omissions.

107. Plaintiff and Class members therefore lost money as a result of Defendant's unlawful conduct.

108. Plaintiff and the Class altered their position to their detriment and suffered a loss in an amount equal to the amounts they paid for the Products.

109. Plaintiff intends to, seeks, to, and will purchase the Products again when she can do so with the assurance that the Products' labels, which indicate that the Products are solely naturally flavored, are lawful and consistent with the Products' ingredients.

## VI.   DELAYED DISCOVERY

110. Plaintiff and the Class are reasonably diligent consumers who exercised reasonable diligence in their purchase and consumption of the Products. Nevertheless, they would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, they rely on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law.  Furthermore,

Defendant's labeling practices and nondisclosures – in particular, failing to identify the artificial flavor in the Strawberry Lemonade ingredient list, or to accurately identify the kind of malic acid that Defendant put in the other Product flavors, or to disclose that the Products contained artificial flavoring – impeded Plaintiff and the Class Members' abilities to discover the deceptive and unlawful labeling of the Product throughout the Class Period.

111. Because Defendant actively concealed its illegal conduct, preventing Plaintiff and the Class from discovering its violations of state law, Plaintiff and the Class are entitled to delayed discovery and an extended Class Period tolling the applicable statute of limitations.

## VII.   CLASS ACTION ALLEGATIONS

112. Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(5).

113. The Class is defined as follows:

All U.S. citizens who purchased the Products at retail within any state or territory of the United States, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff, on or after September 1, 2014 and until notice is disseminated to the Class.

114. The California sub-class is defined as follows:

All California citizens who purchased the Products at retail within California, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff, on or after September 1, 2014 and until notice is disseminated to the Class.

115. During the Class Period, the Products unlawfully contained the undisclosed artificial flavoring ingredient dl-malic acid and were otherwise

improperly labeled.  Defendant failed to label the Products as required by federal and state law.

116. The Class and sub-class meet all criteria for a class action, including numerosity, commonality, typicality, and adequacy of representation.

117. *Numerosity*.  The Products are offered for sale at stores including major retail outlets like Walmart, Vons, and Ralphs, throughout the United States.  The Class likely numbers in the tens of thousands.  Individual joinder of the Class Members in this action would therefore be impractical.  Addressing the claims of each potential class member in a class action lawsuit is beneficial to Class Members, the parties, and the courts.

118. *Typicality*. Plaintiff's claims are typical of, and are not antagonistic to, the claims of the Class Members.  Plaintiff and Class Members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result.

119. *Adequacy*. Plaintiff is an adequate representative of the Class. Plaintiff's interests do not conflict with the interests of the Class Members and she has no interest incompatible with that of Class Members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

120. *Superiority*. A class action is superior to any other means of adjudication because the retail purchase price of a single box of one of the Products is approximately $2.00, rendering it impractical for an individual to bring individual claims.  If this action is not brought as a class action, then Defendant can continue to deceive consumers and violate federal and state law with impunity.

121. *Commonality and Predominance.* There are numerous questions of law and fact common to the Class, and those questions predominate over any questions that may affect individual Class Members.  Common questions for the Class include, but are not necessarily limited to the following:

a. Whether Defendant failed to disclose the presence of the artificial flavoring ingredient dl-malic acid in the Products;

b. Whether Defendant's labeling omissions and representations constituted false advertising under state and federal law;

c. Whether Defendant's conduct violated Federal food-safety regulations;

d. Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

e. Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

f. Whether Defendant's conduct constituted a violation of California's False Advertising Law;

g. Whether Defendant's conduct constituted a violation of state consumer protection statutes;

h. Whether Defendant's conduct constituted a violation of state common law;

i. Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorneys' fees and costs of suit, and injunctive relief; and

j. Whether members of the class are entitled to any such further relief as the Court deems appropriate.

## VIII.  <u>CAUSES OF ACTION</u>

**First Cause of Action - Intentional Misrepresentation**

**Cal. Civ. Code §§ 1709 *et seq.* and similar states' statute & common law**

**(Plaintiff, on behalf of the Class and Sub-Class)**

122. Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

123. Defendant willfully, falsely, and knowingly misrepresented that the Products did not contain artificial flavoring when, in fact, the Products contain

- 19 -

synthetic dl-malic acid.

124. Defendant's misrepresentations were communicated to Ms. Tedesco and the Class Members through the Products' packaging, labeling, and advertising.

125. At all relevant times, Defendant knew that it had misrepresented the Products as "Naturally flavored" and as not containing any artificial flavoring because Defendant was aware that the Products contain synthetic dl-malic acid, an artificial flavoring.

126. Defendant's misrepresentations were made with the intent that the general public, including Plaintiff and the Class Members, would rely on them.

127. Defendant's misrepresentations were made with knowledge of falsity of such statements or in reckless disregard of the truth thereof.

128. In actual and reasonable reliance upon the misrepresentations, Plaintiff and the Class Members purchased the Products because they were represented as being only naturally flavored and free from artificial flavorings.

129. Plaintiff and the Class Members were unaware of the true facts concerning Defendant's misrepresentations of the Products, which Defendant suppressed and failed to disclose.  Defendant's misrepresentations were material, in that if Plaintiff and the Class Members had been aware that the Products contain synthetic dl-malic acid, Plaintiff and the Class Members would not have purchased the Products or would have paid less for them.

130. Plaintiff and the Class Members' reliance upon the Defendant's misrepresentations was reasonable.  The defect -- the product contains undisclosed artificial flavoring -- is latent and not something that Plaintiff and the Class Members, in the exercise of reasonable diligence, could have discovered independently prior to purchase, because it is not feasible for individual consumers to conduct laboratory testing on the Product prior to purchase.

131. In actual and reasonable reliance upon the misrepresentations, Plaintiff and the Class Members purchased the Products.

132. Plaintiff and the Class Members suffered a loss of money as result of Defendant's intentional misrepresentations because they would not have purchased the Products, or would have paid less, if the truth concerning Defendant's misrepresentations had been known.

**Second Cause of Action – Negligent Misrepresentation**
**Cal. Civ. Code §§ 1709 *et seq.* and similar states' statute & common law**
**(Plaintiff, on behalf of the Class and Sub-Class)**

133. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

134. Defendant represented that the Products contained no artificial flavorings when, in fact, the Product actually contains synthetic dl-malic acid, an artificial flavoring.  To communicate this representation and to persuade Plaintiff and the Class Members to purchase the Products, Defendant supplied Plaintiff and the Class Members with information, namely the misrepresentations found on the Products' packaging.  Defendant knew, or should have known, that this information was false and/or misleading to Plaintiff and the Class Members.

135. The misrepresentations concerned material facts that influenced Plaintiff and the Class Members' purchases of the Products.

136. Defendant negligently made the misrepresentations with the intent to induce Plaintiff and the Class Members to act upon the information by purchasing the Products.

137. At the time Defendant made those unwarranted and untrue representations, Defendant knew or should have known that the representations were false or made the representations negligently without knowledge of their truth or veracity.

138. Plaintiff and the Class Members reasonably, justifiably, and detrimentally relied on the misrepresentations and, as a proximate result thereof, have and will continue to suffer damages in the form of lost money from the purchase of

- 21 -

1   the Products.

2   **Third Cause of Action – Fraud by Omission**

3   **Cal. Civ. Code §§ 1709 *et seq.* and similar states' statute & common law**

4   **(Plaintiff, on behalf of the Class and Sub-Class)**

5   139. Plaintiff repeats the allegations contained in the foregoing paragraphs as
6   if fully set forth herein.

7   140. Defendant actively concealed a material fact, in whole or in part, with
8   the intent to induce Plaintiffs and Class Members to purchase the Products.
9   Specifically, Defendant actively concealed the truth about the Products being
10  artificially flavored with dl-malic acid.

11  141. Defendant has a duty to disclose that the Products were artificially
12  flavored with dl-malic acid under California and federal labeling laws.

13  142. Defendant actively and intentionally concealed discovery of this
14  undisclosed fact and suppressed its discovery through its labeling, marketing, and
15  advertising of the Products.

16  143. This omitted material fact is a fact known or accessible only to
17  Defendant, and Defendant knows it is not known to or reasonably discoverable by
18  Plaintiff and Class Members.

19  144. Plaintiff and Class Members were unaware of this omitted material fact
20  and would not have purchased the Product or would have paid less of a price had they
21  known of this concealed fact.

22  145. Plaintiff and Class Members suffered injuries that were proximately
23  caused by Defendant's active concealment and omission of this material fact.

24  146. Defendant's fraudulent concealment and omission were a substantial
25  factor in causing the harm suffered by Plaintiff and the Class as they would not have
26  purchased the Products or would have paid less for the Product if all material facts
27  were properly disclosed.

28

**Fourth Cause of Action – Breach of an Express Warranty**

**Cal. Comm. Code § 2314 and similar states' statute & common law**

**(Plaintiff, on behalf of the Class and Sub-Class)**

147.   Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

148.   Defendant expressly warranted that the Products contained "No artificial sweeteners."

149.   The Products sold to the Class violated this express warranty because the Products contain artificial flavoring known as dl-malic acid.

150.   Plaintiff took reasonable steps to notify Defendant within a reasonable time that the Products were not as represented when Plaintiff, by and through her counsel, sent Defendant a letter advising Defendant of its breach of warranty on June 8, 2020.

151.   Defendant failed to correct the Products' labels as required by the warranty.

152.   As a result of Defendant's breach of its express warranty, Plaintiff and the Class Members were harmed because had they known of the breach, they would not have purchased the product or would have paid less of a price.

153.   Defendant's breach of its express warranty was therefore a substantial factor in causing Plaintiff and the Class Members' harm.

154.   Accordingly, Defendant is liable to the Class Members in an amount equal to the difference in value between the Products as they were represented – free of artificial flavoring – and the product as it was provided, with unlawfully undisclosed artificial flavoring.

155.   Plaintiff therefore seeks on behalf of the Class and Sub-Class an order that Defendant breached the Products' express warranty and an order for the disgorgement and restitution of all excess revenue received by Defendant from Class Members during the Class Period.

CLASS ACTION COMPLAINT

**Fifth Cause of Action – Breach of Implied Warranty**

**Cal. Comm. Code § 2314 and similar states' statute & common law**

**(Plaintiff, on behalf of the Class and Sub-Class)**

156.   Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

157.   Defendant's label representations created implied warranties that the Products are suitable for a particular purpose, specifically that the Products only contained "Natural Flavors."  Defendant breached this implied warranty.

158.   The Products' front and back labels misleadingly imply that it has no artificial flavoring and only contains "Natural Flavors" that are "Made from Real Lemons" and "Real Limes."

159.   At the time of purchase, Defendant had reason to know that Plaintiff as well as Class Members relied on those representations.

160.   This became part of the basis of the bargain between the parties.

161.   These representations had an influence on Class Members' decisions in purchasing the Products.  Defendant made the above representations to induce Plaintiff and Class Members to purchase the Products.  Plaintiff and Class Members justifiably relied on the representations when purchasing the Products.

162.   Based on that implied warranty, Defendant was able to sell the Products to Plaintiff and other Class Members.

163.   At the time of purchase, Defendant knew or had reason to know that Plaintiff and Class Members were relying on Defendant's skill and judgment to select or furnish a Product that was suitable for this particular purpose, and Plaintiff and the Class Members justifiably relied on Defendant's skill and judgment.

164.   The Products were not suitable for this purpose.

165.   Plaintiff purchased the Products believing they had no artificial flavoring, based on the deceptive advertising and labeling, but the Products were actually unsatisfactory to Plaintiff because the Products contained artificial flavoring.

- 24 -

166.   The Products were not merchantable in any state, as they were not of the same quality of other products in the category generally acceptable in the trade, as the Products contained artificial flavoring, and thus, were misbranded.

167.   The Products would not pass without objection in the trade when packaged with the existing labels because the Products were misbranded and illegal to sell.  *See* Cal. Comm. Code § 2314(2)(a).

168.   The Products also were not acceptable commercially and breached the implied warranty because they did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code § 2314(2)(f), and other grounds as set forth in the Cal. Comm. Code § 2314(2).

169.   By offering the Products for sale and distributing the Products in the United States, Defendant also warranted that the Products were not misbranded and were legal to sell.  Because the Products were misbranded in several regards and were therefore illegal to sell or offer for sale in the United States, Defendant breached this warranty as well.

170.   As a result of this breach, Plaintiff and other Class Members did not receive goods as impliedly warranted by Defendant.  As an actual and proximate result of this breach of warranty, Plaintiff and other Class Members have been damaged in amounts to be determined at trial.

171.   Plaintiff took reasonable steps to notify Defendant within a reasonable time that the Products were not as represented when Plaintiff, by and through her counsel, sent Defendant a letter advising Defendant of its breach of warranty on June 8, 2020.

172.   As a result, Plaintiff, Class Members, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

CLASS ACTION COMPLAINT

**Sixth Cause of Action - Violation of the CLRA**

**Cal. Civ. Code §§ 1750 *et seq.***

**(Plaintiff, on behalf of the Sub-Class)**

173. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

174. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

175. The Products are goods as defined under the CLRA.

176. Defendant's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and other Class members, and violated and continue to violate at least the following sections of the CLRA:

§ 1770(a)(5): Representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have;

§ 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

§ 1770(a)(9): Advertising goods with intent not to sell them as advertised.

177. Defendant's wrongful business practices regarding the Products constituted, and constitute, a continuing course of conduct in violation of the CLRA.

178. Prior to filing this Complaint, on July 8, 2020, a CLRA notice letter was served on Defendant that complied in all respects with California Civil Code § 1782(a). Plaintiff Tedesco, by and through her counsel, sent Defendant a letter via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and must correct, repair, replace, or otherwise rectify the goods alleged to be in violation of § 1770.

179. Plaintiff seeks injunctive relief from Defendant's violation of the CLRA.

180. Because Defendant failed to take corrective action after thirty days of the date of Plaintiff's CLRA letter, Plaintiff also seeks damages under the CLRA.

**Seventh Cause of Action – Violation of the FAL**

**Cal. Bus. & Prof. Code §§ 17500 *et seq.***

**(Plaintiff, on behalf of the Sub-Class)**

181. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

182. Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to its Products misled consumers acting reasonably into believing that the Products do not contain any artificial flavoring.  This representation is false and misleading because the Products contains synthetic dl-malic acid, an artificial flavoring.

183. Plaintiff and the Class Members suffered an injury in fact as a result of Defendant's actions as set forth herein because they purchased the Products in reliance of Defendant's false and misleading marketing claim that the Products do not contain artificial flavoring.

184. Defendant's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known.

185. Defendant profited from its sales of the falsely and deceptively advertised Products to unwary consumers.

186. As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the Class are entitled to injunctive and equitable relief and restitution.

**Seventh Cause of Action**

**Violation of California's Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(Plaintiff, on behalf of the Sub-Class)**

187. Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

188. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

189. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

190. A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

191. As set forth herein, Defendant's claims relating to the Products are likely to deceive reasonable consumers and the public.

192. Defendant has also violated the unlawful prong of the UCL. The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

    a.  The Food, Drug, and Cosmetic Act, as codified at 21 CFR 101.22 *et seq.*

    b.  the False Advertising Law, Cal. Bus. & Prof. Code §§ 1750 *et seq.*

    c.  the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

    d.  Cal. Health & Safety Code § 109875 *et seq.*

and constitute intentional and negligent misrepresentations, fraud by omission, and breach of express and implied warranties.

193. Defendant has also violated the unfair prong of the UCL. Defendant's conduct with respect to the labeling, advertising, and sale of the Products was unfair because Defendant's conduct was immoral, unethical, unscrupulous, or substantially

- 28 -

injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

194. Defendant's conduct with respect to the labeling, advertising, and sale of the Products was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the False Advertising Law and the Consumers Legal Remedies Act.

195. Defendant's conduct with respect to the labeling, advertising, and sale of the Products was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one that consumers themselves could reasonably have avoided.

196. Defendant profited from its sale of the unlawfully, deceptively, and falsefully advertised Products to unwary consumers.

197. Plaintiff and Class Members are likely to be damaged by Defendant's deceptive practices, as Defendant continues to disseminate, and is otherwise free to continue to disseminate misleading information.  Thus, injunctive relief enjoining this deceptive practice is proper.

198. Defendant's conduct caused and continues to cause substantial injury to Plaintiff and Class Members, who have suffered injury in fact as a result of Defendant's unlawful, unfair, and fraudulent conduct.

199. In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of themselves, the Class, and the general public, seek an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

200. Plaintiff, on behalf of herself and the Class also seeks an order for the restitution of all monies from the sale of the Products that Defendant unjustly acquired through acts of unlawful competition.

# IX.   PRAYER FOR RELIEF

201. Plaintiff, on behalf of herself, all others similarly situated in California and the United States, and the general public, prays for judgment against Defendant as follows:

a. An Order declaring this action to be properly maintained as a class action, appointing Plaintiff as class representative, and appointing her undersigned counsel as class counsel;

b. An Order requiring Defendant to bear the cost of class notice;

c. An Order enjoining Defendant from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein;

d. An Order compelling Defendant to conduct a corrective advertising campaign;

e. An Order compelling Defendant to recall and destroy all misleading and deceptive advertising materials and product labels;

f. An Order requiring Defendant to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice described herein;

g. An Order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

h. An Order requiring Defendant to pay all actual and statutory damages permitted under the causes of action alleged herein;

i. An award of attorneys' fees and costs; and

j. Any other and further relief that Court deems necessary, just, or proper.

# X. JURY DEMAND

202.   Plaintiff hereby demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

Date: September 28, 2020          By: */s/ Ronald A. Marron*

                                 Ronald A. Marron

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
ALEXIS M. WOOD (SBN 270200)
KAS L. GALLUCCI (SBN 288709)
MICHAEL T. HOUCHIN (SBN 305541)
ELISA PINEDA (328285)
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**Elliot Law Office, P.C.**
DAVID ELLIOT (SBN 270381)
3200 Fourth Avenue, Suite 207
San Diego, CA 92013
Telephone: (858) 228-7997

***Counsel for Plaintiff and the Proposed Class***

- 31 -

<u>Venue Affidavit</u>

I, Mary Tedesco, declare as follows:

     1.     I am a Plaintiff in this action. I make this affidavit pursuant to California Civil Code Section 1780(d).

     2.     The Complaint in this action is filed in a proper place for the trial of this action because Defendant conducts business in this county and at least some of the transactions at the basis of this complaint have taken place in this county.

     I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

DATED: _Aug. 24_____, 2020          _Mary Tedesco_
                                         Mary Tedesco