# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY TEDESCO, on behalf of herself and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>GRAND BRANDS, INC., a Delaware corporation, dba True Citrus or True Lemon,<br><br>Defendant. | Case No.: 20-CV-1928 TWR (JLB)<br><br>**ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO ANSWER PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 10) |

On November 23, 2020, the Court struck Defendant Grand Brands, Inc.'s Answer to Plaintiff Mary Tedesco's Complaint as untimely filed. (*See* ECF No. 9.) Defendant now moves, jointly with Plaintiff, for a retroactive extension of its deadline to respond to Plaintiff's Complaint, (*see* ECF No. 10 ("Joint Mot.")), explaining that, "[f]ollowing the expiration of Defendant's original time to respond to Plaintiff's Complaint, counsel for the Parties conferred, determined an excusable error had occurred, and agreed Defendant would file its Answer as soon as practicable." (*Id.* at 1.) Such stipulations do not bind the Court, however, unless the Court approves them. *See, e.g.*, Fed. R. Civ. P. 6(b)(1); *see also In re Sonoma V*, 703 F.2d 429, 431 (9th Cir. 1983) ("Under Fed.R.Civ.P. 6(b) the parties may not agree to an extension of time without court approval.").

     Nonetheless, the Court concludes that an extension is merited on Defendant's showing of good cause and excusable neglect. (*See* Joint Mot. at 5–7; ECF No. 10-1 ("Spivey Decl."); ECF No. 10-2 ("Cuddihy Decl.").)  The Court therefore **GRANTS** Defendant's Joint Motion.  Accordingly, Defendant **SHALL FILE** its Answer within <u>three (3) court days</u> of the electronic docketing of this Order.

     **IT IS SO ORDERED.**

Dated:  November 30, 2020

                                                  *[signature]*
                                        Honorable Todd W. Robinson
                                        United States District Court